Brooke D. Hagara, WSBA #35566
Hagara Law PLLC
1410 N. Mullan Rd. Ste. 207
Spokane Valley, WA 99206
Phone: (509) 290-6520
Email: brooke@hagaralaw.com

Attorney for Nicholas Thieschafer
HONORABLE THOMAS O. RICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | NO. 2:23-CR-00129-TOR-1 |
|---|---|
| Plaintiff, | |
| v. | DEFENSE SENTENCING MEMORANDUM |
| NICHOLAS THIESCHAFER, | |
| Defendant. | |

Nicholas Thieschafer, by and through his attorney, Brooke D. Hagara, of Hagara Law, PLLC, hereby submits his Sentencing Memorandum.

## I. Introduction

The defense has reviewed the Presentence Report in this matter and resolved any objections. For the reasons stated herein and at the time of sentencing, Mr. Thieschafer respectfully requests the court follow the 11(c)(1)(c) plea agreement and impose a term of incarceration of 25 years.

The sentence is sufficient but not greater than necessary when the court evaluates the factors under 18 U.S.C. § 3553(a). Mr. Thieschafer is 31 years old and has no criminal record. He has never served any length of time in incarceration. The agreed sentence takes into consideration Mr. Thieschafer's individual characteristics while also adequately deterring future criminal activity and protecting the public.

## II. 18 U.S.C. § 3553(a)

In accordance with the United States Supreme Court's decision in *U.S. v. Booker*, 543 U.S. 220 (2005), when sentencing a defendant, the sentencing court must consider the factors listed in 18 U.S.C. §

3553(a). Section 3553(a) provides, in pertinent part:

> The court shall impose a sentence <u>sufficient but not greater than necessary</u> to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider
>
> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)    the need for the sentence imposed—
>
>   a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   b. to afford adequate deterrence to criminal conduct;
>   c. to protect the public from further crimes of the defendant; and
>   d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3)    the kinds of sentences available…

(Emphasis added.)

Although the sentencing court must also consider the sentencing guidelines, it must not give more weight to the sentencing guidelines

DEFENDANT THIESCHAFER'S SENTENCING MEMORANDUM - 3

HAGARA LAW, PLLC
1410 N. MULLAN RD., SUITE 207
SPOKANE VALLEY, WA 99206   (509) 290-6540

than to § 3553(a). *U.S. v. Zavala*, 443 F.3d 1165, 1169 (9th Cir. 2006). Moreover, if the sentencing court treats a guidelines range as the presumptive sentence, the court "will commit legal error by misapplying § 3553(a)." *Id.* at 1170.

The sentencing court's "task is to attempt to find the most reasonable sentence for [the particular defendant] within the territory of all possible reasonable sentences." *Id.* Sentencing is not mechanical, but rather a "difficult art." *U.S. v. Diaz-Argueta*, 447 F.3d 1167, 1172 (9th Cir. 2006). It is "an act of reason as the judge looking at this particular person and the circumstances of the crime that this particular person has committed makes a judgment following the prescriptions of [§ 3553(a)]." *Id.*

**a. Nature and circumstances of the offense and the history and characteristics of the defendant.**

i. <u>Difficult relationship with this father</u>

Mr. Thieschafer, throughout his childhood and well into his adult years, had a very difficult relationship with his father. His

father emotionally manipulated the family and physically abused his sons through cruel modes of physical punishment.

Mr. Thieschafer, his brother, and mother walked on eggshells around his father. His father only worked when he felt like it. Mr. Thieschafer's mother took on the primary parenting role and supported the household. Mr. Thieschafer's father expected his children to bring home perfect grades and punished them when they did not do so. He physically punished Mr. Thieschafer and his brother by forcing them to squat in a corner until their legs were exhausted.

Mr. Thieschafer's difficult relationship with his father should be taken into consideration when fashioning his sentence. It likely impacted his development and his actions into adulthood, including those that led to his current offense.

ii. <u>Complete lack of criminal record with consistent employment</u>

Mr. Thieschafer, at 31 years old, has no criminal record. He

graduated from high school despite struggling throughout school with ADHD. He maintained seasonal work for seven years with Polar Construction, then worked for Coeur d'Alene Metals for almost a year before his arrest. He contributed to supporting his family, unlike his father before him. He does not appear to have abused drugs or alcohol.

Mr. Thieschafer needs to be treated for sexual deviancy. Although he could further his education while incarcerated, he has graduated from high school and completed some college courses. He also does not have a drug or alcohol addiction that needs to be treated. While the issue of sexual deviancy is complex, Mr. Thieschafer will be able to immediately focus on addressing it during his incarceration, unlike an individual who had no education or other mental health or addiction issues. He also likely will be more successful in treatment than someone with less education and more diverse issues to address.

### b. A 25-year sentence is sufficient to provide Mr. Thieschafer with the necessary rehabilitation while also protecting the public.

Mr. Thieschafer, at 31 years old, will be approximately 56 years old at release if this Court follows the 11(c)(1)(c) agreement. This sentence length is sufficient to protect the public, primarily children, from Mr. Thieschafer's sexual deviancy. Mr. Thieschafer will also be on lifetime supervised release, further protecting the public.

The recommended sentence gives him sufficient time to undergo treatment and counseling. He will learn his offense cycle and his triggers. Treatment for sexual deviancy is also likely to significantly evolve in that amount of time to more effective treatment than currently available.

### c. Variance from sentencing guidelines range

The individual characteristics of Mr. Thieschafer's case support the court following the 11(c)(1)(c) agreement and imposing a sentence of 25 years, which is a variance from the guidelines range. The guidelines sentence would be 360 months, only five years more than

the sentence being recommended to the court. It is unlikely anything more could be accomplished in the five-year difference in terms of additional counseling. Further, Mr. Thieschafer has never been incarcerated prior to this case. A 30-year sentence will not go any further to deter future criminal conduct than a 25-year sentence.

For the aforementioned reasons, Mr. Thieschafer respectfully requests the court follow the plea agreement and impose a sentence of 25 years.

RESPECTFULLY SUBMITTED this 30th day of January, 2025.

    /s/ Brooke Diane Hagara
Brooke D. Hagara, WSBA #35566
Attorney for Nicholas Thieschafer

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of January, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to Ann Wick, Assistant United States Attorney, through the CM/ECF system.

    /s/ Brooke Diane Hagara
    Brooke D. Hagara